[842 NYS2d 474]

In the Matter of Luis A. Medina, an Attorney, Resignor.

Second Department, September 11, 2007

**APPEARANCES OF COUNSEL**

*Richard E. Grayson*, White Plains, for resignor.

*Gary L. Casella*, White Plains, (*Eddie Still* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Luis A. Medina has submitted an affidavit dated May 9, 2007, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Medina was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 9, 1987.

Mr. Medina avers that his resignation is freely and voluntarily tendered after reviewing it with the advice of counsel. He has not been subjected to any coercion or duress and he is fully aware of the implications of its submission.

Mr. Medina is aware that he is the subject of an ongoing investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) based on a complaint filed by Anna Damergis alleging, inter alia, that he was guilty of overreaching, breaches of his fiduciary duties with respect to handling client funds, an impermissible conflict of interest, failure to provide zealous representation on behalf of the estate of Penelope Litras, and other conduct adversely reflecting upon his fitness as a lawyer.

Mr. Medina acknowledges that the Grievance Committee is prepared to make an application for authorization to institute and prosecute a disciplinary proceeding against him and for his interim suspension, pursuant to 22 NYCRR 691.4 (l) (1) (i), (ii) and (iii). He further acknowledges that if the Grievance Committee were to predicate charges upon the aforesaid misconduct and were to prosecute a disciplinary proceeding, he could not successfully defend himself on the merits against such charges.

Mr. Medina is aware that any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. Mr. Medina is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) (d) could be entered as a civil judgment against him. He specifically waived the opportunity to be heard in opposition thereto, as afforded by Judiciary Law § 90 (6-a) (f).

The Grievance Committee supports acceptance of the proffered resignation as in the best interest of the public and as the most expeditious way to conclude this matter without unnecessarily expending court time and expense.

Inasmuch as Mr. Medina's resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, Luis A. Medina

is disbarred, and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.

Prudenti, P.J., Miller, Schmidt, Crane and Goldstein, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Luis A. Medina is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Luis A. Medina shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Luis A. Medina is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Luis A. Medina, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).